MARSH v. KENT CIRCUIT JUDGE.

1. MANDAMUS—ANSWER—FAILURE TO DENY.
   Statements in the answer, in mandamus proceedings, not traversed by relator, must be taken as true.

2. SAME—COURT RULES—FAILURE OF RELATOR TO COMPLY—SETTLE-MENT OF CASE FOR APPEAL.
   Mandamus will not lie to review the action of a circuit judge in extending the time for settling the record in a case for appeal, where such postponement was made necessary by relator's failure to furnish the adverse party with the stenographer's notes in compliance with section 3, Circuit Court Rule No. 66, in time to permit reasonable examination and comparison.

Mandamus by Frankie E. Marsh to compel Willis B. Perkins, circuit judge of Kent county, to settle and sign a record on appeal. Submitted March 5, 1918. (Calendar No. 27,883.) Writ denied March 27, 1918.

*Eugene Carpenter*, for relator.

PER CURIAM. Relator sets out that within 20 days after the entry of decree, and on February 19, 1917, there was presented to Hon. Willis B. Perkins, one of the judges of the Kent circuit court, a proposed case on appeal to be settled, due notice of the said application having been given. The cause was heard by Judge Mayne, of another circuit.

Relator sets out, among other things, the following:

"Your petitioner further shows that her said application to have the testimony taken herein upon the said accounting settled for such appeal was presented by her attorney, Eugene Carpenter, to the Honorable Willis B. Perkins, circuit judge of the seventeenth judicial circuit, on Monday, the 19th day of February, 1917, at the circuit court rooms of said county of Kent, Michigan; and that upon the claim of the at-

torneys for said defendant and appellee that the proposed record had been served upon them by piecemeal, a part at a time, properly paged, before that time, and not altogether bound up in book form, the said circuit judge did then and there refuse to settle and certify this case for such an appeal, and which would and did thereby prevent and delay your petitioner in having this case reviewed on such an appeal by the supreme court at the 1917 April term. But that the said circuit judge did at that time and place make an order extending the time for the settlement of this case for such an appeal for a period of 30 days or to and including the 28th day of March, 1917, and requested your petitioner's counsel to serve such proposed record again upon the attorneys for defendant and appellee altogether at one time and bound up in book form, which your petitioner claims was a somewhat technical requirement under such a rule of practice, when taking into consideration that the attorneys of the defendant and appellee had taken from the clerk of the court's office all of the original depositions taken and filed therein in this case and all of the original exhibits, books, papers and documents used as proofs on such an accounting and was then concealing the same for the purpose of preventing the plaintiff's attorney from preparing the record of testimony for such appeal, and which has delayed your petitioner in having this case reviewed at the 1917 April term of the Supreme Court; although her attorney has fully complied with the said last mentioned order and did within the 30 days mentioned therein serve upon the attorneys for defendant and appellee two copies of a full and complete printed record and transcript of all the testimony, depositions, proofs, exhibits, books, letters, papers and documents used or offered as proofs and testimony by either party upon the said accounting had herein, bound up in book form, and did also within the said 30 days have the said record printed, bound up in book form and filed with the clerk of the Supreme Court, and a return of the case made of this case to the Supreme Court, and the proper fees paid for the making of such return, and for having this case docketed in the Supreme Court, and the same duly noticed for hearing at the 1917 April term, and

placed upon the calendar for hearing, and the plaintiff's brief for such hearing printed and the proper number of both records and briefs filed with the clerk of the Supreme Court, and served upon the defendants and appellee's attorneys within the said 30 days and before the first day of the 1917 April term of the Supreme Court, and ready for hearing at the said April term, so far as the plaintiff is concerned."

In answer to the order to show cause, granted April 20, 1917, Judge Perkins denies the truth of the averment above set out in so far as his action is concerned and says, and there being no traverse, we must accept the answer as true, that on February 19, 1917, both parties appearing, he learned that relator had not complied with section 3, Circuit Court Rule No. 66, in that relator had not furnished the adverse party the stenographer's minutes for inspection and use in the preparation of amendments to the proposed case, and thereupon made an order extending the time for settling the case 30 days from February 21, 1917, to enable relator's counsel to serve the said transcript of testimony. Respondent has no knowledge, he says, about what, if anything, relator has since done in the premises and has not since been asked to settle the case.

There has been unpardonable delay in bringing this motion on for hearing. The printed record was filed September 26, 1917, and relator's brief was delayed until March 4, 1918.

It seems to be the contention of relator that having, as he says, incorporated all of the testimony in his proposed case, and having produced, upon the day noticed for settlement of the case, the stenographer's minutes of testimony, he had complied with the rule; in this respect saying, in substance, that when the case proposed contains all of the testimony there can be no occasion for the adverse party to make amendments.

But the adverse party has the right to make comparison of the case presented and the testimony—to verify the claim that it contains all of the testimony. For this purpose the rule must be construed to mean that the adverse party be given possession of the stenographer's minutes for such reasonable time as will permit the required examination and comparison. Counsel for relator differently construes the rule.

In the light of the answer, the matter appears to be a very simple one, about which this court should not have been troubled, and in which no right to the order to show cause is made out.

The writ is refused, with costs to the party adverse to relator in the principal suit.